# Garnett v. Copeland.

### Bill in Equity to foreclose Mortgage.

1. *Mortgage; when not a guaranty for continuous liability.*—Where a mortgage is executed to secure the payment of a certain amount as the purchase price of goods to be sold to a third person by the mortgagee, the mortgagor is liable only for the absolute sale of goods to such third person, and upon the payment to the mortgagee of the amount specified in the mortgage, as the purchase price of the goods so sold, the mortgagee's liability ceases; and the mortgage can not be construed as a continuous guaranty in the specified amount for the benefit of such third person for goods subsequently consigned to him by the mortgagee, or as an indemnity to the mortgagee against loss on account of subsequent sales of goods to such third person.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. WILLIAM H. SIMPSON.

The appeal in this case is prosecuted by the complainant in the court below from a decree of the chancellor denying the relief sought by the bill, and ordering

the bill dismissed. This decree is here assigned as error.

The evidence showed that the money due on the first instalment of goods shipped by the complainant to Livingston, amounted to $150, and had been paid before the filing of the bill. The other facts of the case are sufficiently shown in the opinion.

E. W. GODBEY, for appellant, cited *Tootle v. Elgutter*, 45 Amer. Rep. 104; *Mer. Nat. Bank v. Hall*, 38 Amer. Rep. 434; *Crittenden v. Fiske*, 41 Amer. Rep. 146; *Wright v. Griffith*, 23 N. E. Rep. 281; *Boehne v. Murphy*, 2 Amer. Rep. 485; *Gardner v. Watson*, 13 S. W. Rep. 39; *Woods v. Sherman*, 71 Pa. St. 100; *Bent v. Hartshorn*, 1 Metc. (Mass.) 24; Baylies on Sureties, 127.

S. T. WERT, *contra*, cited *Edwards v. Dwight*, 68 Ala. 389; *Lane v. Jones*, 79 Ala. 156; *Taylor v. Cockrell*, 80 Ala. 236; *Strickland v. Hardie*, 82 Ala. 412; *Boyd v. Jones*, 96 Ala. 305; *Moses Bros. v. B. & L. Asso.*, 100 Ala. 465; *Crescent Brew. Co. v. Handley*, 90 Ala. 486; *Darden v. Gerson*, 91 Ala. 323.

COLEMAN, J.—The appellant filed the present bill to foreclose a mortgage executed by the defendants to him to secure the payment of one hundred and fifty dollars. The mortgage nor any part of it is set out in the abstract of appellant nor counter abstract of appellee. The theory of appellant's bill is, that the mortgage was a continuous guaranty in the sum of one hundred and fifty dollars made for the benefit of one Livingston to whom the complainant consigned goods for sale, and as an indemnity to complainant against loss, on account of sales of the goods by Livingston. The respondents in their answer deny that such was the purpose of the mortgage, and aver that it was executed as a security for one hundred and fifty dollars for that amount of goods to be sold by complainant to Livingston, and for no other purpose. This appears from the counter abstract, and is fairly borne out by the transcript. The written arguments of counsel submitted in this cause, have taken a wide range, and it may be that the case made by the transcript, justified the scope of the arguments, but this court will confine its consideration to the

[Garnett v. Copeland.]

case made by the abstracts, consulting the transcript only when and on the points on which the correctness of appellant's abstract is questioned or denied and a different version *is stated in the abstract of appellee*.

The court found from the evidence, that the mortgage was intended only as a security for one hundred and fifty dollars for goods to be sold to Livingston, and was not intended to be a continuous guaranty. We do not doubt the correctness of this conclusion from the evidence found in the abstracts. It is not pretended that the appellees made any contract in person with the complainant or had any conversation relative thereto with him before or at the time of the execution of the mortgage, or for some time after the complainant had been furnishing goods to Livingston. Whatever may have been the agreement between complainant and Livingston in regard to the goods could have no effect upon the contract of respondents, they having no knowledge of the arrangement between complainant and Livingston. The status of the goods, as to whom they belonged, and the respective interests of Garnett and Livingston depended upon their contract. The mortgage contract was brought about independent of anything said or done by complainant, or for him. It was an arrangement purely between Livingston and respondents. The evidence of Livingston and the respondents considered together leave no doubt upon our minds that Livingston requested the respondents to furnish the security to enable him to purchase one hundred and fifty dollars worth of goods, and that they executed this mortgage for that purpose and no other.

The admission in respondents' answer that complainant consigned the goods to Livingston to be sold as the goods of the complainant, and that he never sold any goods to Livingston, so far from fixing liability upon respondents, if true, exonerates them. Their liability depended upon a sale of goods to Livingston.

There is no error in the decree of the court dismissing complainant's bill.

Affirmed.